# PD-1227-15

NO. _07-15-00209-CV_

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 2 1 2015

Abel Acosta, Clerk

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

_AUSTIN, Tx._

_STEVEN EDWARD BOYD_,

Appellant/Petitioner

VS.

## THE STATE OF TEXAS,

Appellee/Respondent

---

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

_MANDAMUS_

In Appeal No. _07-15-00209-CV_
from the
Court of Appeals
for the ~~6th~~ _7TH_ Judicial District
Texas

_AMARELLO-STEVESON_

Appellant's Name and Address

_STEVEN BOYD #1940466_
_NS UNIT 1536 I-10 EAST_
_FORT STOCKTON, Tx. 79735_

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .................... *SEE MANDAMUS PG. 1*

STATEMENT REGARDING ORAL ARGUMENT ....................

STATEMENT OF THE CASE .................... *SEE MANDAMUS PG. 2*

STATEMENT OF PROCEDURAL HISTORY ....................

GROUNDS FOR REVIEW .................... *"ORIGINAL PETITION FOR WRIT OF MANDAMUS"*

GROUND FOR REVIEW NO. **ONE, TWO, THREE**
[Set out the Ground or Question Presented for Review] *"REVIEW ORIGINAL PETITION FOR MANDAMUS"*

1). WAS RELATOR'S CONSTITUTIONAL RIGHTS, ARTICLES 1§9 & 1§10 TEX. CONST. & 4TH & 14TH AMENDMENTS U.S. CONST. VIOLATED, WHEN POLICE CONDUCTED A WARRANTLESS SEARCH OF APARTMENT, BASED ON "RELUCTANT VERBAL CONSENT" EXECUTED, VIA TELEPHONE, BY RELATOR'S COMMON-LAW WIFE ??

2). WAS THIS "RELUCTANT VERBAL CONSENT" GIVEN FREELY & VOLUNTARILY, & FREE FROM ANY ASPECT OF OFFICIAL COERCION & DURESS, ACTUAL OR IMPLIED ??

3). DID RELATOR MEET HIS BURDEN ESTABLISHING EXISTENCE OF A COMMON-LAW MARRIAGE FOR PURPOSES OF THE SPOUSAL PRIVILEGE NOT TO BE CALLED AS A WITNESS FOR THE STATE ??

GROUND FOR REVIEW NO. ~~THREE~~ **FOUR, FIVE**
[Set out the Ground or Question Presented for Review] *"REVIEW ORIGINAL PETITION FOR MANDAMUS"*

4). DOES GEORGIA V. RANDOLPH, 126 S.CT. 1515 (2006), APPLY TO SITUATIONS, WHERE AS IN THE INSTANT CASE, RELATOR WAS PHYSICALLY PRESENT & OBJECTING TO A SEARCH WITHOUT A WARRANT & RELATOR'S WIFE, WHILE NOT PHYSICALLY PRESENT "RELUCTANTLY GAVE VERBAL CONSENT" TO SEARCH APARTMENT VIA. TELEPHONE ??

5). DOES THE WIFE'S CONSENT", THOUGH NOT FREELY & VOLUNTARILY GIVEN & WHILE NOT PHYSICALLY PRESENT." PREVAIL OVER RELATOR'S NON-CONSENT, EVEN THOUGH RELATOR WAS PHYSICALLY PRESENT & VOICED AN OBJECTION TO THE WARRANTLESS SEARCH OF RELATOR'S APARTMENT ??

ARGUMENT NUMBER ONE, *TWO, THREE* .... *ALSO SEE MANDAMUS PG. 3-7*

ARGUMENT NUMBER ~~THREE~~ *FOUR, FIVE* .... *SEE ALSO MANDAMUS PG. 3-7*

PRAYER FOR RELIEF .................... *SEE MANDAMUS "PRAYER"*

CERTIFICATE OF SERVICE ....................

APPENDIX [Opinion] .................... *SEE ALSO MANDAMUS "APPENDIX"*
[A copy of the Court Opinion must be attached to the Petition]

# INDEX OF AUTHORITIES

SEE MANDAMUS PG. 1

PAPRSKAR V. STATE, 484 S.W. 2d 731 (TEX. CRIM. APP 1972)

BUMPEL V. NORTH CAROLINA, 391 U.S. 543, 548, 88 S.CT. 1788, 1792, 20 L.Ed. 2d 797 (1968)

GEORGIA V. RANDOLPH, 547 U.S. 103, 126 S.CT. 1515, 164 L.Ed. 2d 208 (2006)

JORDAN V. STATE (CR. APP. 1928) 111 TEX. CREM 83, 11 S.W. 2d 323

MINNESOTA V. OLSEN, 495 U.S. 91, 110 S.CT. 1684, 109 L.Ed. 2d 85 (1990)

BOYD V. UNITED STATES, 116 U.S. 616, 635, 29 L.Ed. 746, 6 S.CT. 538

WHITE V. STATE FARM MUT. AUTO INS. CO. (E.D. TEX. 1995) 905 F. SUPP. 1012

FLORES V. FLORES (APP. 10 DIST. 1993) 847 S.W. 2d 648

NO. _07-15-00209-CV_

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_AUSTIN, TX_

_STEVEN EDWARD BOYD_,
Appellant/Petitioner

VS.

THE STATE OF TEXAS,
Appellee/Respondent

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
_MANDAMUS #07-15-00209-CV_

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant Petitioner requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

1

## STATEMENT OF THE CASE

[Briefly state the nature of the case. This statement should seldom exceed half a page. See Rule 68.4(d), Texas Rules of Appellate Procedure.] SEE MANDAMUS PG. 3
RELATOR SEEKS REVIEW OF A WRIT OF MANDAMUS #07-15-00269-CV. RELATOR WAS DENIED DUE PROCESS IN CAUSE #24,143-A. TRIAL JUDGE ENTERED A JUDGEMENT OF CONVICTION AFTER REFUSING TO SUPPRESS EVIDENCE OBTAINED IN A WARRANTLESS SEARCH OF RELATOR'S APARTMENT, BASED ON "RELUCTANT VERBAL CONSENT" EXECUTED BY RELATOR'S COMMON-LAW WIFE, HOWEVER RELATOR WAS PHYSICALLY PRESENT & VOICED HIS OBJECTION TO A WARRANT-LESS SEARCH, RELATOR'S WIFE WAS NOT PHYSICALLY PRESENT AT THE TIME OF HER "RELUCTANT VERBAL CONSENT." RELATOR WAS ALSO DENIED AN INSTRUCTION TO THE STATE'S WITNESS. PURSUANT TO THE SPOUSAL PRIVILEGE RIGHT NOT TO BE CALLED AS A WITNESS TO TESTIFY FOR THE STATE, RELATOR'S WIFE MAY CLAIM THIS PRIVILEGE BUT WAS NEVER GIVEN THE PROPER INSTRUCTION.

## STATEMENT OF PROCEDURAL HISTORY

[Statement of the history of the case. See Rule 68.4(e), Texas Rules of Appellate Procedure, for the dates that must be included in this portion of the Petition, including the filing and overruling of any motion for rehearing, if any.]

In Cause No. 24,143-A/07-15-00209-CV the Appellant/Petitioner was charged with the offense of ROBBERY ENHANCED . The Appellant/Petitioner was convicted of such offense on JUNE 17, 2014 and appealed the SUPPRESSION HEARING.

On 11-7-2014 the 7TH Court of Appeals affirmed the conviction. No motion for rehearing was filed. On 9-8-2015 this Petition for Discretionary Review was timely forwarded to the Court of Appeals for filing pursuant to Rule 9.2(b), Texas Rules of Appellate Procedure.

2

## GROUNDS FOR REVIEW

### 1). 2). 3).

[State briefly, without argument, the grounds or questions on which the Petition are based. See Rule 68.4(f), Texas Rules of Appellate Procedure.] *PLEASE REVIEW ORIGINAL MANDAMUS...*

1). WAS RELATOR'S CONSTITUTIONAL RIGHTS, ARTICLES 1§9 & 1§10 & 4TH & 14TH AMENDMENTS U.S. CONST. & TX. CONST. VIOLATED, WHEN POLICE CONDUCTED A WARRANT-LESS SEARCH OF APARTMENT, BASED ON "RELUCTANT VERBAL CONSENT" EXECUTED VIA, TELEPHONE BY RELATOR'S COMMON-LAW WIFE ??

2). WAS THIS "RELUCTANT VERBAL CONSENT" GIVEN FREELY & VOLUNTARILY, & FREE FROM ANY ASPECT OF OFFICIAL COERCION & DURESS ACTUAL OR IMPLIED ??

3). DID RELATOR MEET HIS BURDEN ESTABLISHING EXISTENCE OF A COMMON-LAW MARRIAGE FOR PURPOSES OF THE SPOUSAL PRIVILEGE NOT TO BE CALLED AS A WITNESS FOR THE STATE ??

### 4). 5).

[Same format as above] *PLEASE REVIEW ORIGINAL MANDAMUS...*

4). DOES GEORGIA V. RANDOLPH, 126 S.CT. 1515(2006) APPLY TO SITUATIONS, WHERE AS IN THE INSTANT CASE, RELATOR WAS PHYSICALLY PRESENT & OBJECTING TO A SEARCH WITHOUT A WARRANT & RELATOR'S WIFE, WHILE NOT PHYSICALLY PRESENT, "RELUCTANTLY" GAVE POLICE CONSENT VERBALLY VIA, TELEPHONE ??

5). DOES THE WIFE'S CONSENT, THOUGH NOT FREELY & VOLUNTARILY GIVEN & WHILE NOT PHYSICALLY PRESENT PREVAIL OVER RELATOR'S NON-CONSENT EVEN THOUGH RELATOR WAS PHYSICALLY PRESENT & VOICED AN OBJECTION TO THE WARRANT-LESS SEARCH OF RELATOR'S APARTMENT ??

[More than two Grounds for Review, along with accompanying Arguments, can be raised in a Petition, but the Petition cannot exceed 15 pages, exclusive of certain pages. See Rule 68.5, Texas Rules of Appellate Procedure.]

# ARGUMENT NUMBER ONE, TWO, THREE

[Rule 68.4(g), Texas Rules of Appellate Procedure, states: "The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review." See Rule 66.3." *PLEASE SEE MANDAMUS PG. 3-7 & SUPPRESSION HEARING RECORD IN TRIAL COURT #24,143-A...*

1). IN PAPRSKAR V. STATE, 484 S.W.2d 73 (TEX. CRIM. APP. 1972) THE STATE RELIED PRIMARILY ON THE "WRITTEN CONSENT" TO SEARCH EXECUTED BY APPELLANT'S WIFE & THAT SUCH CONSENT, GIVEN OUT OF HIS PRESENCE, WAS NOT VALID. & FURTHER THAT SUCH CONSENT WAS THE RESULT OF COERCION & DURESS. THE INSTANT CASE IS VERY SIMILAR. THE STATE RELIED PRIMARILY ON THE "RELUCTANT VERBAL CONSENT" EXECUTED BY RELATOR'S COMMON-LAW WIFE VIA TELEPHONE & OUT OF THE PHYSICAL PRESENCE OF APARTMENT. RELATOR WAS PHYSICALLY PRESENT & OBJECTING TO A WARRANTLESS SEARCH OF APARTMENT, SEE MANDAMUS PAGES 3-7 & TRIAL COURT RECORD #24,143-A FOR MORE DETAIL...

2). THE BURDEN IS ON THE STATE TO PROVE BY CLEAR & CONVINCING EVIDENCE, THAT THE CONSENT TO A WARRANTLESS SEARCH OF APARTMENT, WAS FREELY & VOLUNTARILY GIVEN & FREE FROM ANY ASPECT OF OFFICIAL COERCION & DURESS, ACTUAL OR IMPLIED. THIS BURDEN CAN NOT BE DISCHARGED BY SHOWING NO MORE THAN AQUIESCENCE TO A CLAIM OF LAWFUL AUTHORITY. BUMPER V. NORTH CAROLINA, 391 U.S. 543, 548, 88 S.CT. 1788, 1792, 20 L.Ed.2d 747 (1968). WHEN A PERSON IS "RELUCTANT" TO CONSENT TO A WARRANTLESS SEARCH OF HER APARTMENT, SHE IS UNWILLING TO GIVE CONSENT FREELY & VOLUNTARILY. THERE IS THE FACT THAT OFFICER CPL. KEITH CARGO TESTIFIED IN THE SUPPRESSION HEARING THAT HE TOLD RELATOR'S WIFE, THAT IF SHE DID NOT GIVE CONSENT TO THE WARRANTLESS SEARCH. THEN SHE WOULD NOT BE ABLE TO GET INSIDE THE APARTMENT WHEN SHE RETURNED HOME FROM WORK. MS. WALLACE & CPL CARGO BOTH TESTIFY TO COMPELLING CONSENT FROM RELATOR'S WIFE. WIFE THEN "RELUCTANTLY" GAVE VERBAL CONSENT TO A WARRANTLESS SEARCH OF APARTMENT & SUCH CONSENT IS NOT VALID. SEE TRIAL COURT #24,143-A TRANSCRIPT & RELATOR'S ORIGINAL PETITION FOR WRIT OF MANDAMUS PG. 3-7...

3). FOR PURPOSES OF THE SPOUSAL PRIVILEGE NOT TO BE CALLED AS A WITNESS FOR THE STATE, WAS ESTABLISHED BY RELATOR. THE TRIAL COURT RECORDS CONTAIN EVIDENCE PROVING THE EXISTENCE OF A COMMON-LAW MARRIAGE BETWEEN RELATOR & LAMETRA MOORE-BOYD. THE LETTERS SIGNED & ADDRESSED BY HER OWN HAND WRITING. POLICE REPORTS; ENVELOPES WITH MRS. MOORE-BOYD'S HANDWRITING, & SAID ENVELOPE WAS ADDRESSED TO MY GRANDMOTHER, MARY WILSON AT 100 S. COLLINS TULIA, TK. 79088 AT THE TIME THIS ENVELOPE WAS MAILED TO MY GRANDMOTHER. I WAS INCARCERATED AT THE RANDALL COUNTY JAIL, 9100 S. GEORGIA ST. AMARILLO, TK. 79118. I WAS UNAWARE OF THE EXISTENCE OF THIS EVIDENCE AT THE TIME OF MY SUPPRESSION HEARING ON 6-17-2014. THE ENVELOPE WAS MAILED FROM LAMETRA MOORE-BOYD 1204 S.W. 18TH AMARILLO, TK. 79102 To MARY "GRANDMA" 100 S. COLLINS TULIA. TK. 79088 ON FEB. 4, 2014 & I, STEVEN BOYD RECEIVED NUMEROUS LETTERS ADDRESSED TO ME FROM LAMETRA S. BOYD 3613 S. WILLIAMS AMARILLO, TK. 79118 ON MAY 6, 2013. I RECEIVED THAT PARTICULAR LETTER ON MAY 8, 2013 & HAD IT NOTARIZED. SEE ENCLOSED IN APPENDIX. IN MANDAMUS.

RELATOR HAS GOOD REASON TO BELIEVE COERCION EXISTS TO COMPELL RELATOR'S WIFE TO TESTIFY FOR THE STATE. WIFE SHOULD HAVE BEEN INFORMED OF HER RIGHT NOT TO BE CALLED AS A WITNESS FOR THE STATE.

LAMETRA MOORE-BOYD'S TESTIMONY WAS A QUID PRO QUO TRADE, BECAUSE POLICE REPORTS INDICATE THAT SHE WAS AN ACCOMPLICE TO THE OFFENSE & RELATOR WAS FORCED INTO A PLEA-BARGAIN & NOT GIVEN A FAIR TRIAL...

PLEASE TAKE JUDICIAL NOTICE OF ALL INDICIA LISTED HEREIN & RELATOR'S PETITION FOR WRIT OF MANDAMUS & TRIAL COURT RECORD #24,143-A. ON 6-15-2014 & 6-17-2014...

UNDER TEXAS LAW, ONCE COMMON-LAW RELATIONSHIP EXISTS, IT IS TREATED WITH SAME DIGNITY AS CEREMONIAL MARRIAGE & MAY ONLY TERMINATE BY DEATH, DIVORCE OR ANNULMENT. WHITE V. STATE FARM MUT. AUTO INS. CO.,(ED. TEX. 1995) 90S F.SUPP.1012

STATUTE ESTABLISHING REQUIREMENTS FOR COMMON-LAW MARRIAGE ALLOWS PROOF OF AGREEMENT TO BE MARRIED BY DIRECT EVIDENCE, BY COMBINATION OF DIRECT & CIRCUMSTANTIAL EVIDENCE OR BY WHOLLY CIRCUMSTANTIAL EVIDENCE. FLORES V. FLORES (APP. 10 DIST. 1993) 847 S.W.2d 648.

THE ARGUMENTS RAISED IN THIS PETITION, RELATOR REQUESTS THAT THE JUDGEMENT IN CAUSE #24,143-A BE REVERSED & REMANDED TO TRIAL COURT FOR FURTHER PROCEEDINGS...

4

[Same format as above.] PLEASE SEE MANDAMUS PG. 3-7 & SUPPRESSION HEARING TRIAL COURT RECORD # 24,143-A...

4). GEORGIA V. RANDOLPH, 126 S.CT. 1515 (2006), IS CLOSELY RELATED TO THE INSTANT CASE BY THE FOLLOWING: THE RANDOLPH CASE & THIS CASE BOTH DEAL WITH CONSENT TO A WARRANT-LESS HOME SEARCH. BOTH CASES HAVE A CONSENTING PARTY & AN OBJECTING PARTY. HOWEVER THE RANDOLPH CASE, THE WIFE CONSENTED TO A WARRANT-LESS SEARCH & RANDOLPH TO SAID WARRANT-LESS SEARCH, POLICE SEARCHED ANYWAY, FOUND EVIDENCE, CHARGED RANDOLPH WITH A CRIME, RANDOLPH MOVED TO SUPPRESS EVIDENCE. SUPPRESSION WAS DENIED & RANDOLPH APPEALED. THE SUPREME COURT HELD THAT WHEN ONE PHYSICALLY OCCUPANT CONSENTS TO A SEARCH & ONE PHYSICALLY PRESENT OCCUPANT OBJECTS, THE CONSENTER'S CONSENT DOES NOT PREVAIL OR OVERRIDE THE OBJECTOR'S NON-CONSENT. THE POLICE MUST THEN GET A SEARCH WARRANT. IN THE INSTANT CASE, NO ONE WAS ACTUALLY INSIDE THE APARTMENT SEARCHED. RELATOR WAS PHYSICALLY PRESENT AT THE APARTMENT, BUT NOT INSIDE YET. RELATOR VOICED AN OBJECTION TO A WARRANT-LESS SEARCH. WHEN POLICE TOOK MY KEYS & CELL PHONE. RELATOR'S WIFE WAS NOT PHYSICALLY PRESENT AT APARTMENT & "RELUCTANTLY" CONSENTED TO A WARRANT-LESS SEARCH OF APARTMENT VIA TELEPHONE. THE CONSENT CAN NOT BE VALID BECAUSE WIFE WAS "UNWILLING/RELUCTANT" TO GIVE CONSENT, & SHE WAS NOT PRESENT. RELATOR WAS PRESENT & OBJECTING TO A WARRANT-LESS SEARCH OF APARTMENT. EVIDENCE IN TRIAL COURT RECORD WILL SHOW THAT MY KEYS WERE NOT AMONG MY PROPERTY WHEN I WAS BOOKED INTO JAIL. BECAUSE THE POLICE USED MY KEYS TO ENTER MY APARTMENT. EVEN WHEN VIEW IN LIGHT MOST FAVORABLE TO THE PROSECUTION. THE RULING ON THIS SUPPRESSION HEARING IS SO WRONG & MANIFESTLY UNJUST AS TO RENDER THE JUDGEMENT VOID & DEPRIVE RELATOR OF DUE PROCESS. (REMARKS BY DEFENDANT'S WIFE TO OFFICER'S "GO AHEAD & SEARCH" DID NOT SHOW CONSENT TO SEARCH SO AS TO MAKE EVIDENCE ADMISSIBLE. JORDAN V. STATE (CR. APP. 1928) 111. TEX. CRIM. 83, 11 S.W. 2d 323).

5). FOR PURPOSES OF DETERMINING WHETHER A WARRANT-LESS SEARCH IS REASONABLE THE FEDERAL CONSTITUTIONS FOURTH AMENDMENT, (1) THERE IS NO COMMON UNDERSTANDING THAT ONE COTENANT OF A DWELLING PLACE GENERALLY HAS A RIGHT OR AUTHORITY TO PREVAIL OVER THE EXPRESS WISHES OF ANOTHER CONCERNING INVITATIONS TO OUTSIDERS; (2) SINCE THE COTENANT WISHING TO OPEN THE DOOR TO A THIRD PARTY HAS NO RECOGNIZED AUTHORITY IN LAW OR SOCIAL PRACTICE TO PREVAIL A PRESENT & OBJECTING COTENANT, THE DISPUTED INVITATION, WITHOUT MORE, GIVES A POLICE OFFICER NO BETTER CLAIM TO REASONABLENESS IN ENTERING THAN THE OFFICER WOULD HAVE IN THE ABSENCE OF ANY CONSENT; & (3) ACCORDINGLY, THE COOPERATIVE OCCUPANT'S INVITATION ADDS NOTHING TO THE GOVERNMENT'S SIDE TO COUNTER THE FORCE OF AN OBJECTING INDIVIDUALS CLAIM TO SECURITY AGAINST THE GOVERNMENT'S INTRUSION INTO HIS DWELLING PLACE. HEADNOTE [8A][8B] RANDOLPH SUPRA...

MINNESOTA V. OLSEN, 495 U.S. 91, 110 S.CT. 1684, 109 L.Ed. 2d 85 (1990) HELD THAT ~~OVERNIGHT~~ HOUSEGUESTS HAVE A LEGITIMATE EXPECTATION OF PRIVACY IN THEIR TEMPORARY QUARTERS BECAUSE "IT IS UNLIKELY THAT THE HOST WILL ADMIT SOMEONE WHO WANTS TO SEE OR MEET WITH THE GUEST OVER THE OBJECTION OF THE GUEST" I.D. AT 99. 110 S.CT. 1684. 109 L.Ed. 2d 85. IF THAT CUSTOMARY EXPECTATION OF COURTESY OR DEFERENCE IS A FOUNDATION OF FOURTH AMENDMENT RIGHTS OF A HOUSEGUEST, IT PRESUMABLY SHOULD FOLLOW THAT AN INHABITANT OF SHARED PREMISES MAY CLAIM AT LEAST AS MUCH, & IT TURNS OUT THAT THE CO-INHABITANT OF SHARED NATURALLY HAS AN EVEN STRONGER CLAIM.

THE FACT REMAINS THAT LAMETRA MOORE-BOYD'S "RELUCTANT VERBAL CONSENT" VIA TELEPHONE WAS NOT FREELY & VOLUNTARILY GIVEN & IN ABSENCE OF ANY ASPECT OF OFFICIAL COERCION & DURESS OR BY EXPLICIT OR IMPLICIT MEANS. IMPLIED THREAT OR COVERT FORCE. FOR, NO MATTER HOW SUBTLY THE COERCION WAS APPLIED, THE RESULTING "RELUCTANT VERBAL CONSENT" WOULD BE NO MORE THAN A PRETEXT FOR THE UNJUSTIFIED POLICE INTRUSION AGAINST WHICH THE FOURTH AMENDMENT IS DIRECTED. IN THE WORDS OF THE CLASSIC ADMONITION IN BOYD V. U.S. 116 U.S. 616, 635, 29 L.Ed. 746, 6 S.CT. 538, "IT MAY BE THAT IT IS THE OBNOXIOUS THING IN ITS MILDEST & LEAST REPULSIVE FORM; BUT ILLEGITIMATE & UNCONSTITUTIONAL PRACTICES GET THEIR FIRST FOOTING IN THAT WAY. NAMELY, BY SILENT APPROACHES & SLIGHT DEVIATIONS FROM LEGAL MODES OF PROCEDURE. THIS CAN ONLY BE OBVIATED BY ADHERING TO THE RULE THAT CONSTITUTIONAL PROVISIONS FOR THE SECURITY OF PERSON & PROPERTY SHOULD BE LIBERALLY CONSTRUED. A CLOSE & LITERAL CONSTRUCTION DEPRIVES THEM OF HALF THEIR EFFICACY, & LEADS TO GRADUAL DEPRECIATION OF THE RIGHT, AS IF IT CONSISTED MORE IN SOUND THAN IN SUBSTANCE. IT IS THE DUTY OF COURTS TO BE WATCHFUL FOR THE CONSTITUTIONAL RIGHTS OF THE CITIZEN, & AGAINST STEALTHY ENCROACHMENTS THEREON ??

RELATOR REQUESTS THAT THE JUDGEMENTS IN CAUSE # 24,143-A BE REVERSED & REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS...

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review.

Respectfully submitted _[signature]_

STEVEN BOYD #1940466
NS DIVCT 1536 E-10 EAST
FORT STOCKTON, TX. 79735

_____
APPELLANT'S NAME & ADDRESS

## CERTIFICATE OF SERVICE

The undersigned Appellant/Petitioner hereby certifies that a true and correct copy of the foregoing Petition for Discretionary Review has been mailed; U.S. mail, postage prepaid, to the Office of the Criminal District Attorney for County, RANDALL 2309 RUSSELL LONG BLVD. SUITE 120 CANYON TX. 79015 75207, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, on this the _8TH_ day of _SEPTEMBER_, 2008.

_[signature]_
_____
APPELLANT/PETITIONER

6



## Court of Appeals

### Seventh District of Texas
### Potter County Courts Building
### 501 S. Fillmore, Suite 2-A
### Amarillo, Texas 79101-2449
### www.txcourts.gov/7thcoa.aspx

BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

August 13, 2015

Steven Edward Boyd
TDCJ-ID # 1940466
N 5 Unit
1536 I-10 East
Fort Stockton, TX 79735

Honorable Dan L. Schaap
Judge, 47th District Court
501 S. Fillmore, Suite 3A
Amarillo, TX 79101
* DELIVERED VIA E-MAIL *

**RE:** Case Number: 07-15-00209-CV
**Style:** In re Steven Edward Boyd, Relator

Dear Mr. Boyd and Judge Schaap:

By Order of the Court, Relator's Motion for Rehearing is this day overruled.

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK